IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-CR-559 |
| Plaintiff, | ) ) | JUDGE SARA LIOI |
| v. | ) ) | |
| DEEPAK RAHEJA, GREGORY HAYSLETTE, FRANK MAZZUCCO, BHUPINDER SAWHNY, | ) ) ) ) ) | **[PROPOSED] AMENDED PROTECTIVE ORDER** |
| Defendants. | ) ) | |

WHEREAS, the United States has moved the Court for, and Defendants have not objected to, entry of a protective order applicable to Protected Information (defined herein) that is produced in this case;

WHEREAS, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court finds that good cause exists for the entry of a protective order in this case; and

WHEREAS, the United States has proposed, and Defendants have not objected to, a procedure that allows reasonable use of Protected Information to allow Defendants to prepare for trial in this case.

IT IS HEREBY ORDERED:

1. As used in this Order,

    (a) "Defense Team" shall mean: the defendants and their counsel of record in this case; employees of defense counsel of record and their associated law firms, if

any; and other individuals engaged or employed by defense counsel of record in connection with this case.

   (b) "Discovery Material" shall mean: all documents and electronically stored information disclosed by the Government to the Defense Team as *Jencks* material, Criminal Rule 16, or otherwise during discovery in this case.  Discovery Material shall also include materials sought by means of Subpoena, discovery request or other lawful process.

   (c) "Protected Information" shall mean: all Protected Health Information, as defined in the Health Insurance Portability and Accountability Act (HIPAA), plus all personal identifying information of individuals referenced or identified in any of the materials provided by the Government to Defendants, including but not limited to any health information connected to an individual's name; addresses; social security numbers or other identifying numbers, including HIC numbers.

   (d) "Subpoena" shall mean:  a subpoena obtained and issued pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure.

  2. Discovery Material shall be used solely for the purpose of conducting pretrial, trial, and appellate proceedings in this action, with the exception of materials that belong to and/or were in the possession of Defendants and obtained by the United States pursuant to search warrant or other means. These materials include and are not limited to patient records, which are already subject to privacy restrictions under HIPAA. The parties recognize that Defendants may be required to use these and other materials seized by the Government, for purposes other than pretrial, trial and appellate proceedings. The parties will work together to ensure that the use of any Discovery

Material at trial or any hearing will not result in the public disclosure of Protected Information or other information deemed to be inappropriate for public release.

3. Should the United States or Defense Team determine it necessary to share any Protected Information with potential witnesses or other parties, it is the responsibility of the disclosing party to provide a copy of this Order to the person receiving the Protected Information and ensure that they are aware that they are subject to the restrictions set forth in this Order.

4. Nothing in this Order shall operate or be construed to operate as restricting any defendant's right to meaningful communication with defense counsel or to abrogate the Government's duty to provide exculpatory evidence to any defendant.

5. Nothing in this Order shall prevent the United States or Defense Team from using Discovery Material, or from referring to or reciting any information contained in such Discovery Material, in connection with any pleadings or motions filed in this action, provided that such material is properly redacted or, if such redactions cannot be readily accomplished, filed under seal.

6. The inadvertent or unintentional disclosure of Discovery Material shall not be deemed a waiver of the confidentiality of such material or other information relating to the same or related subject matter. Upon discovery of inadvertent error with regard to the disclosure, all parties shall to the extent reasonably possible, cooperate to restore the confidentiality of the material that was inadvertently or unintentionally disclosed.

7. Upon final termination of this litigation, Discovery Materials obtained by way of Subpoena from a health care institution containing Protected Information shall be returned to the health care institution (and copies thereof), and/or, in the alternative, a written statement to the health care institution that all such Discovery Materials

obtained by way of a Subpoena containing Protected Information (and copies thereof) have been destroyed will be provided.

8. Nothing in this Order shall prevent disclosure beyond the terms of this Order if all parties consent in writing to such disclosure, or if such disclosure is ordered by the Court.

9. Violations of this Order may be punishable by contempt of court, or by whatever other sanction the Court shall deem just.

**IT IS SO ORDERED** this _____ day of _____, 2020.

 

_____
SARA LIOI
UNITED STATES DISTRICT JUDGE